**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| STEPHEN DURR,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DOCKET NUMBER<br>CH-4324-24-0015-I-1<br><br><br>DATE:  April 29, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Thomas Smith</u>, Esquire, Lisle, Illinois, for the appellant.

<u>Roderick Eves</u>, Esquire, and <u>Maryl Rosen</u>, Esquire, St. Louis, Missouri,
　　for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the initial decision and DISMISS the appeal as precluded by the doctrine of collateral estoppel.

## BACKGROUND

On June 26, 1996, the agency removed the appellant from his position as a Mail Handler for being absent without leave (AWOL) since January 16, 1996. Initial Appeal File (IAF), Tab 1 at 65, 118. Beginning in 2015, the appellant filed a series of challenges to his removal both with the Board and in Federal court. *See Durr v. U.S. Postal Service*, MSPB Docket No. CH-0752-15-0453-I-1 (*Durr I*); *Durr v. U.S. Postal Service*, MSPB Docket No. CH-4324-17-0324-I-1, Appeal File (*Durr II* AF); *Durr v. U.S. Postal Service*, MSPB Docket No. CH-4324-17-0324-M-1, Remand File (*Durr II* RF); *Durr v. U.S. Postal Service*, MSPB Docket No. CH-0752-18-0401-I-1 (*Durr III*); *Durr v U.S. Postal Service*, No. 1:23-cv-01212 (N.D. Ill. Aug. 15, 2023) (*Durr IV*).

Of the appellant's prior appeals, the most relevant here are *Durr II* and *Durr III*. On April 14, 2017, the appellant filed a Board appeal alleging that the agency violated USERRA when it denied his Family and Medical Leave Act (FMLA) leave request, resulting in his removal. *Durr II* AF, Tab 1. The administrative judge issued an initial decision dismissing this appeal for lack of jurisdiction. *Durr v.*

*U.S. Postal Service*, MSPB Docket No. CH-4324-17-0324-I-1, Initial Decision (May 19, 2017) (*Durr II* ID). The appellant appealed to the U.S. Court of Appeals for the Federal Circuit, which found that the appellant "raised allegations sufficient to establish the MSPB's jurisdiction over his appeal under USERRA." *Durr v. Merit Systems Protection Board*, 844 F. App'x 329, 332 (Fed. Cir. 2021). On remand from Federal Circuit, the administrative judge dismissed the appeal as time barred by the doctrine of laches, finding that the appellant's more than 21-year filing delay was unreasonable and prejudicial to the agency. *Durr v. U.S. Postal Service*, MSPB Docket No. CH-4324-17-0324-M-1, Remand Initial Decision (July 30, 2021) (*Durr II* RID). After the remand initial decision became final, the appellant sought review with the Federal Circuit, which affirmed the Board's decision. *Durr v. Merit Systems Protection Board*, No. 2022-1072, 2022 WL 16943007 (Fed. Cir. Nov. 15, 2022).

On May 21, 2018, the appellant filed *Durr III*, alleging that the agency violated his rights under USERRA when it denied his FMLA leave request and later removed him. *Durr III*, Appeal File (*Durr III* AF), Tab 1. The administrative judge in that appeal issued an initial decision, which dismissed the appellant's USERRA claim for lack of jurisdiction and his removal claim as untimely filed without good cause shown. *Durr v. U.S. Postal Service*, MSPB Docket No. CH-0752-18-0401-I-1, Initial Decision (July 6, 2018) (*Durr III* ID). The appellant initially filed a petition for review of the initial decision, but he later filed a motion to voluntarily withdraw the petition for review because he "elected to pursue other avenue(s)" of relief. *Durr III*, Petition for Review (*Durr III* PFR) File, Tab 1, Tab 9 at 4. That voluntary withdrawal was accepted by the Board, which dismissed the petition for review as withdrawn with prejudice to refiling and allowed the initial decision to become final. *Durr v. U.S. Postal Service*, MSPB Docket No. CH-0752-18-0401-I-1, Final Order (Nov. 27, 2023).

Finally, on September 26, 2023, the appellant filed the instant appeal, again alleging that his 1996 removal violated his rights under USERRA. IAF, Tab 1 at 7.

The agency moved to dismiss the appeal on the grounds of res judicata, collateral estoppel, laches, and adjudicatory efficiency, citing the appellant's previous appeals and the Federal district court complaint that the appellant had already filed challenging the same 1996 removal. IAF, Tab 6 at 9-12. When this appeal was pending, the appellant voluntarily withdrew his petition for review in *Durr III*. IAF, Tab 8 at 8-9. The agency then amended its motion to dismiss arguing that the appeal should be dismissed based on res judicata rather than adjudicatory efficiency. *Id.* at 6-7. Without holding the appellant's requested hearing, the administrative judge issued an initial decision, which dismissed the appeal for lack of jurisdiction. IAF, Tab 1 at 1, Tab 14, Initial Decision (ID).

The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. On review, the appellant argues that he made a nonfrivolous allegation of Board jurisdiction over his USERRA appeal. *Id.* at 4. The agency has responded to the petition for review, and the appellant has replied. PFR File, Tabs 4, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant reasserts on review that the agency violated USERRA when it intentionally denied him a benefit of his employment by utilizing improper separation procedures to effectuate his removal. PFR File, Tab 1 at 2; IAF, Tab 4 at 5. Below, the agency argued that the appeal should be dismissed as barred by collateral estoppel. IAF, Tab 6 at 9-10. We agree with the agency. Therefore, we vacate the initial decision's analysis of jurisdiction because we need not reach the issue of whether the appellant made a nonfrivolous allegation of Board jurisdiction over his appeal. ID at 4-5.[2]

---

[2] Although the administrative judge did not specifically advise the appellant of how to defend against the application of collateral estoppel, the agency's motion to dismiss cured that error by providing the appropriate legal standard. IAF, Tab 6 at 10. The appellant had an opportunity to address the agency's collateral estoppel argument in his response to the motion to dismiss. IAF, Tab 9.

Collateral estoppel bars an appellant from relitigating an issue when: (1) an issue is identical to that involved in a prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Unlike res judicata, collateral estoppel may bar a party from relitigating an issue in a second action even when the prior appeal was dismissed for lack of jurisdiction and when the Board may lack jurisdiction over the instant appeal. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶¶ 8, 10 (2003). Applying collateral estoppel when appropriate relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources and, by preventing inconsistent decisions, encourages reliance on adjudication. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995).

In *Durr III*, the appellant presented an identical issue to that at issue in the instant appeal. *Durr III* AF, Tab 1; IAF, Tab 1 at 8. In his response to the agency's motion to dismiss below, the appellant attempted to distinguish the issues in his prior appeals from those in the instant appeal. IAF, Tab 9 at 4. We find this argument unavailing. In *Durr III*, the appellant claimed that his removal was unlawful because his request for FMLA leave was improperly denied on the basis of his military service. *Durr III* AF, Tab 1 at 6-7. He also alleged that if another employee had requested it, the leave request would have been granted, and therefore he was denied a benefit of employment because of his military service. *Durr III* AF, Tab 1 at 5-7; *Durr III* PFR File, Tab 1 at 15, 19, 21. Here, the appellant again claims that his removal for AWOL after being denied leave violated USERRA. IAF, Tab 1 at 7, Tab 4 at 5. Therefore, we find that the issue presented in *Durr III* is identical to the one in the instant appeal.

The issue in this appeal was also actually litigated in *Durr III*. An issue has been actually litigated in a prior appeal when it has been "properly raised by the pleadings, was submitted for determination, and was determined." *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001); s*ee also Luna v. Department of the Air Force*, 87 M.S.P.R. 232, ¶ 8 (2000) (finding that the actual litigation criterion requires that the issue must have been contested by the parties and resolved by the adjudicator). In *Durr III*, the parties contested and submitted numerous pleadings on the issue of whether the appellant's removal violated USERRA. *Durr III* AF, Tab 1 at 5-7; *Durr III* PFR File, Tab 1 at 15, 19, 21. Therefore, the parties actually litigated the issue of whether the appellant's removal violated USERRA.

The determination on the USERRA issue in the prior action was necessary to the resulting judgment. In *Durr III*, the USERRA issue was dismissed for a lack of jurisdiction after the administrative judge found that the appellant did not raise a nonfrivolous allegation of Board jurisdiction over his appeal. *Durr III* ID. To make this determination, the administrative judge considered the appellant's allegation that the agency denied him a benefit of employment under USERRA by failing to grant him FMLA leave and subsequently removing him for AWOL. *Durr III* ID. Therefore, the issue of whether the appellant's 1996 removal for AWOL violated USERRA was necessary to the resulting judgment in *Durr III*.

Finally, the appellant was fully represented in *Durr III*. A party's pro se status does not preclude the application of collateral estoppel. *Noble*, 93 M.S.P.R. 693, ¶ 9. The fully represented requirement is satisfied when the party against whom collateral estoppel is applied has had a full and fair chance to litigate the issue in question. *Id.* To determine if a party has had a full and fair opportunity to litigate an issue, the Board "should look at (1) whether there were significant procedural limitations in the prior proceeding, (2) whether the party had an incentive to litigate fully the issue, and (3) whether effective litigation was limited by the nature or relationship of the parties." *Banner*, 238 F.3d at 1354. As the

party seeking remedial action in *Durr III*, the appellant had every incentive to litigate this issue fully. There is no indication that there were either procedural limitations or that the nature of the parties limited effective litigation in *Durr III*. Therefore, the appellant had a full and fair chance to litigate whether the agency violated his rights under USERRA when it removed him, the same allegation made in this appeal.

The appellant has not provided another valid basis for Board jurisdiction over his appeal, and we therefore deny the petition for review. *Noble*, 93 M.S.P.R. 693, ¶ 11 (finding it appropriate to the deny a petition for review where the appellant was precluded from relitigating one jurisdictional issue and failed to set forth any other basis of Board jurisdiction). We therefore vacate the administrative judge's holding that the Board lacks jurisdiction over the appellant's USERRA appeal, and we instead dismiss this appeal as precluded by collateral estoppel. This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113(c).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.